UNITED STATES DISTRICT COURT
EASTERN DISTRICT: NEW YORK

**SUMMONS ISSUED**

-------------------------------------------------------

GENNY E. VELASQUEZ, individually and
on behalf of all similarly situated persons,

**CV-13 3391**

Docket

Plaintiff,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 13 2013

-against-

COMPLAINT

COLUMBIA SUSSEX MANAGEMENT, LLC
d/b/a ISLANDIA MARRIOTT, COLUMBUS ISLAND OFFICE
SUSSEX MANAGEMENT CORPORATION
and CLAUDIA MARTINEZ,

WEXLER, J

Jury Trial Demanded

TOMLINSON, M

Defendants.

-------------------------------------------------------x

Plaintiff, by her attorney, Law Office of Eliot F. Bloom, P.C., alleges upon
knowledge to herself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to
as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law Article 19 § 663, 12
New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-
2.2, and New York Labor Law Article 6 §§ 190 *et seq.;* to recover unpaid overtime
compensation and funds converted by Defendants and owed to Plaintiff by Defendants
COLUMBIA SUSSEX MANAGEMENT, LLC, d/b/a ISLANDIA MARRIOTT,
COLUMBIA SUSSEX MANAGEMENT CORPORATION and CLAUDIA MARTINEZ
(hereinafter collectively referred to as "Defendants").

2. Beginning in approximately May, 2010 and continuing through February, 2013 (the
"Relevant Period"), Defendants failed to provide overtime compensation to Plaintiff for
all hours worked in excess of 40 hours in any given week, in violation of federal and state
law.

3. During the relevant period, Defendants engaged in a policy and practice of unlawfully
retaining monies owed to Plaintiff in a bank account inaccessible to Plaintiff.

4. During the relevant period, Defendants engaged in a policy and practice of requiring Plaintiff to work overtime hours after first being required to punch out, thus not recording the proper work hours for Plaintiff.

5. During the relevant period, Defendants engaged in a policy and practice of falsely assigning social security numbers to employees, including Plaintiff, knowing that said practice was illegal and fraudulent and would result in false payroll reporting, incorrect withholdings and deductions, and damage to Plaintiff.

6. Defendants terminated Plaintiff's employment for wrongful reasons and because Plaintiff sought justifiable compensation and the return of funds converted by Defendants.

7. Plaintiff has initiated this action seeking compensation that she was deprived of, plus interest, attorneys' fees, and costs.

## *JURISDICTION*

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## *VENUE*

9. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because all of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## *THE PARTIES*

10. Plaintiff GENNY E. VELASQUEZ is an individual who resides in Brentwood, New York, and who was employed by Defendants as a housekeeper at the Islandia Marriott, owned and operated by Defendants COLUMBIA SUSSEX MANAGEMENT LLC and

COLUMBIA SUSSEX MANAGEMENT CORPORATION from approximately May, 2010 to February, 2013.

11. Upon information and belief, Defendant COLUMBIA SUSSEX MANAGEMENT, LLC, is a foreign corporation doing business in New York, organized and existing under the laws of the State of Kentucky, with its principal place of business at 740 Centre View Boulevard, Crestview Hills, Kentucky and is engaged in the lodging business on Long Island at 3635 Express Drive North, Islandia, New York, 11749, known as the Islandia Marriott.

12. Upon information and belief, Defendants COLUMBIA SUSSEX MANAGEMENT, CORPORATION is a foreign corporation doing business in New York, organized and existing under the laws of the State of Kentucky, with its principal place of business at 740 Centre View Boulevard, Crestview Hills, Kentucky and is engaged in the lodging business on Long Island at 3635 Express Drive North, Islandia, New York, 11749.

13. Upon information and belief, Defendant CLAUDIA MARTINEZ was an employer of Plaintiff during the relevant period as defined by the FLSA as a manager of Defendant COLUMBIA SUSSEX MANAGEMENT, LLC, with a place of employment at 3635 Express Drive North, Islandia, New York, 11749.

14. Defendants are engaged in interstate commerce by handling, selling, or working with goods or materials that have been moved in or produced for interstate commerce and are otherwise engaged in interstate commerce under the definition of the FLSA.

## *FACTS*

15. The Defendants employ in its lodging business at the Islandia Marriott numerous individuals in trades including housekeeping.

16. Plaintiff was employed by Defendants during the relevant period as a housekeeper, working in a Marriott uniform at the Islandia Marriott. She typically worked in excess of 40 hours per week and earned between $8.75 and $9.75 per hour.

17. Plaintiff was not compensated at a rate of one and one-half (1.5) times her regular rate of pay for those hours worked in excess of 40 per week.

18. Plaintiff was required to use a time clock to record her hours worked. However, as was the practice of the Defendants, during the relevant period, applied to the Plaintiff, she

would be required to punch out at the end of a work day, typically 8 am to 4:30 pm, and then continue to work until a required number of rooms were cleaned. The Defendants did not pay the Plaintiff for these extra overtime hours but yet Plaintiff was required to work for these extra overtime hours.

19. Plaintiff was required to accept her weekly pay by direct deposit into a bank account maintained by Global Cash Card or a third party under the control of Defendant COLUMBIA SUSSEX MANAGEMENT CORPORATION.

20. In or about January 2013, Plaintiff misplaced her Global Cash Card and could not access her account. Plaintiff asked Defendant CLAUDIA MARTINEZ to assist her in obtaining a new card. Defendant CLAUDIA MARTINEZ refused this request and then terminated the Plaintiff's employment.

21. Defendants possess the funds belonging to the Plaintiff.

22. Defendants assigned a Social Security number to Plaintiff that did not belong to the Plaintiff.

23. Defendants withheld monies and deductions from Plaintiff's paychecks for withholdings and deductions, under said false Social Security number, that have been wrongfully retained and converted by Defendants from Plaintiff.

24. Plaintiff will be denied Social Security benefits in the future due to the willful failure of Defendants to pay over said withholdings and deduction to the Social Security Administration.

25. Defendants knew that the Plaintiff did not have a Social Security number when she was hired and during the course of her employment and thus the Defendants falsely reported to the Government a Social Security number of 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 as belonging to Plaintiff.

26. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete payroll records, employee identification numbers and accurate timesheets as required under 12 NYCRR § 146-2.1.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: *FLSA OVERTIME COMPENSATION*

27. Plaintiff repeats and re-alleges the allegations set forth in paragraphs I through 26 hereof.

28. Pursuant to 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. The Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d). Each Defendant had the authority to hire, fire and determine the rate of pay for the Plaintiff.

30. Plaintiff, during all relevant times, was employed in an enterprise engaged in commerce with revenues in excess of $500,000.00 per year.

31. 29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations. None of these exemptions apply to Plaintiff.

32. Plaintiff regularly worked more than 40 hours a week while working for Defendants.

33. Defendants violated the FLSA by failing to pay Plaintiff overtime wages at a rate of one and one-half times the normal rate of pay for hours regularly worked over 40 in any given week.

34. Plaintiff regularly worked more than 40 hours per week but did not receive overtime compensation for those hours.

35. The failure of Defendants to pay Plaintiff her rightfully owed wages was willful.

36. By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in an amount equal to the amount of unpaid wages plus interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: *NEW YORK OVERTIME COMPENSATION*

37. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 36 hereof.

38. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

39. Plaintiff is an employee, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

40. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...."

41. New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees.

42. Plaintiff worked more than 40 hours a week while working for Defendants.

43. Plaintiffs did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

44. By failing to pay to Plaintiff overtime compensation, Defendants violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2.

45. Defendants failure to pay overtime compensation to the Plaintiff was willful.

46. By the foregoing reasons, Defendants has violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS: *CONVERSION*

47. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 46 hereof.

48. The Defendants are, and have been, since the commencement of Plaintiff's employment, wrongfully withholding from the Plaintiff, statutory deductions, weekly pay and Social Security payments. These are monies that the Plaintiff is entitled to and the Defendants are not entitled to exercise control over said monies.

49. Defendants intentionally and without authority exercised control over financial property belonging to the Plaintiff, interfering with her right of possession.

50. Defendants actions and conduct were intentional and intended to harm Plaintiff.

51. Defendants conduct was malicious, willful, outrageous, and conducted with full knowledge that their actions were illegal. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

52. For the foregoing reasons, Defendants violated New York Labor Law §§ 198-1(d) and 195 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorney's fees, and costs.

WHEREFORE, Plaintiff demands judgment:

(1) on the first cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(3) on the third cause of action against Defendants in the amount to be determined at trial for actual damages plus punitive damages; and

(5) for any other and further relief the Court may deem appropriate.

Dated: Williston Park, New York
     June 5, 2013

Law Office of Eliot F. Bloom PC
By:  Eliot F. Bloom, Esq. (9423)
Two Hillside Avenue
Suite B
Williston Park, New York 11596
(516) 739-5300